PER CURIAM.
This cause is before the Court on The Florida Bar’s petition to enjoin Ryan Lister from the unlicensed practice of law in the State of Florida. We have jurisdiction under article V, section 15, of the Florida Constitution.
An order to show cause was served on Lister based on allegations that he was practicing law in Florida without a license. A referee was appointed. The referee denied Lister’s motion to dismiss and proceeded to a final hearing. Although Lister was given due notice, he was neither present nor represented at the hearing. The referee made the following pertinent findings of fact.
While Lister was working for Attorney Sam Murrell in 1991 and 1992, he came into contact with Joel Miller and Violet Warwick. Lister represented to Warwick that he was an attorney and failed to clarify that he was not licensed to practice law in Florida. Additionally, Lister said that he was licensed in Wisconsin as an attorney and could represent Miller pro hoc vice in Florida; Lister prepared a mortgage and quitclaim deed for Miller; Lister improperly created and used a power of attorney in an attempt to represent Miller in legal matters; Lister described himself as “Esquire” on his correspondence and identified himself as an attorney in phone conversations; and Lister’s checks *1242 were imprinted with words representing that he was an attorney.
Lister’s actions caused Warwick and Miller to lose substantial sums of money. Furthermore, Lister borrowed money from Miller under the pretense of taking the Florida bar exam and setting up a law office. We rule that these findings are based on competent and substantial evidence and agree with the referee that Lister has engaged in the unauthorized practice of law.
Accordingly, we enjoin Lister from engaging in any activity constituting the practice of law in Florida, including, but not limited to: (a) holding himself out to the public in such a manner that the public places reliance upon his legal advice or work product; (b) advising any persons as to possible legal remedies; (c) preparing and executing legal documents for other persons; (d) accepting or soliciting attorney’s fees; and (e) appearing in court as a legal representative of another person.
In the event Lister engages in any such conduct described herein, he will be found in indirect criminal contempt of the Supreme Court of Florida for the unauthorized practice of law in the State of Florida, and appropriate sanctions will be imposed. Finally, judgment for costs in the amount of $1,333.05 is hereby entered in favor of The Florida Bar and against Ryan Lister, for which sum let execution issue.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN, HARDING, WELLS and ANSTEAD, JJ., concur.